UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA EBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-1721 NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Patricia Ebert's application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 7.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**I.      Issues for Review**

Ebert presents two issues for review. First, Ebert states that the administrative law judge (ALJ) erred in discrediting her regarding her failure to obtain treatment without asking her why she had failed to obtain treatment. Second, Ebert states that the ALJ committed reversible error by failing to order an consultative examination regarding her back pain and spasms. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Procedural History

In 2008, Ebert filed an application for disability insurance benefits. The Social Security Administration ("SSA") denied Ebert's claim and she timely filed a request for hearing before an administrative law judge ("ALJ"). (Tr. 42-46, 50.) The SSA granted Ebert's request and the hearing took place on September 9, 2009. (Tr. 18-38, 411-436.) The ALJ issued a written decision on October 28, 2009. (Tr. 9-17.) Ebert requested review of the ALJ's decision from the Appeals Council. (Tr. 39.) On May 11, 2010, the Appeals Council denied Ebert's request for review. (Tr. 1-5.)

Ebert filed an appeal in this Court on July 1, 2010. *See Ebert v. Astrue*, No. 4:10-CV-1171 NAB. On July 18, 2011, this Court reversed and remanded the case to the Commissioner. *Ebert v. Astrue*, No. 4:10-CV-1171 NAB, 2011 WL 2838116 (E.D. Mo. July 18, 2011). After the Court's decision, the Appeals Council remanded the case to the ALJ and instructed the ALJ to comply with the Court's order and offer Ebert a new hearing. (Tr. 512-14.) On February 26, 2013, the ALJ held a second administrative hearing. (Tr. 437-59.) After the hearing, the ALJ again denied benefits in a decision dated May 15, 2013. (Tr. 372-95.) Ebert filed written exceptions to the ALJ's decision to the Appeals Council. (Tr. 366-68.) The Appeals Council declined to exercise jurisdiction. (Tr. 359-62.) Ebert filed this current appeal on October 8, 2014. [Doc. 1.]

## III. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's

decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## IV. Discussion

### A. Credibility Determination

First, Ebert asserts that the ALJ failed to comply with SSR 96-7p, because he discredited her subjective complaints based on lack of treatment without asking her to provide an explanation for lack of treatment. The Commissioner responds that Ebert's lack of treatment or conservative treatment was one of many credibility factors considered by the ALJ.

In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

>  (1) The claimant's daily activities;
> 
>  (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> 
>  (3) Any precipitating or aggravating factors;
> 
>  (4) The dosage, effectiveness, and side effects of any medication; and
> 
>  (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v.*

*Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

A claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186 at *7 (July 2, 1996). The ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.* "The adjudicator may need to recontact the individual or question the individual at the administrative hearing in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner." *Id.*

In this case, the ALJ discounted Ebert's credibility for several reasons. First, the ALJ found that the objective medical evidence did not support the degree of symptomology and functional limitations alleged by Ebert. (Tr. 391-92.) Second, the ALJ found that Ebert's limited treatment history also suggested that her impairments were not as severe and limited as she alleged. (Tr. 392.) Third, the ALJ found that Ebert made unsubstantiated allegations and inconsistent statements concerning her symptoms and pain. (Tr. 393.) Fourth, the ALJ found that Ebert's robust activities of daily living were also inconsistent with her allegations of pain

and functional limitations. (Tr. 393.) Finally, the ALJ cited a lack of motivation to work. (Tr. 393-94.)

The ALJ's opinion provided a detailed assessment of the reasons why Ebert's credibility was discounted. The ALJ considered several factors in evaluating Ebert's credibility. All of the factors considered by the ALJ can be considered when assessing credibility in a social security disability case. *See Moore v. Astrue,* 572 F.3d 520, 524-25 (8th Cir. 2009) (appropriate for ALJ to consider conservative or minimal treatment in assessing credibility); *Juszczyk v.* Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, deference is given to the ALJ's credibility determination); *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Circuit 2005) (significant daily activities may be inconsistent with claims of disabling pain). A review of the entire record demonstrates that ALJ did not rely solely upon any one of the factors in the credibility analysis. SSR 96-7 does not require the ALJ to recontact the claimant and the Court finds it was not necessary to do so due to the extensive record in this case. If Ebert's conservative treatment was the only negative factor in the credibility analysis, the ALJ may well have sought additional information. Considering the combination of the factors relied upon by the ALJ, substantial evidence in the record supports the ALJ's credibility findings. Based on the foregoing, the Court finds that the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

B.     **Failure to Develop the Record**

Second, Ebert contends that the ALJ failed to develop the record, because he should have obtained a consultative examination regarding her back pain. The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 404.1519a(b). "There is no bright line test for determining when the [Commissioner] has failed to develop the record. The determination in each case must be made on a case by case basis." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). A claimant for social security disability benefits has the responsibility to provide medical evidence demonstrating the existence of an impairment and its severity during the period of disability and how the impairment affects the claimant's functioning. 20 C.F.R. § 404.1512.

"The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (citing *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986)); *see also Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("'[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'")). Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

The Court finds that the ALJ was not obligated to order an additional consultative examination in this case. As an initial matter, the ALJ did not find that Ebert's back spasms were a severe impairment. (Tr. 376.) The ALJ noted that Ebert has not been diagnosed with any musculoskeletal or other impairments that may be expected to produce her symptoms of back pain and spasms. (Tr. 376.) The ALJ also stated that there had been no diagnostic imaging, abnormal clinical findings, or other objective evidence substantiating an impairment affecting her back. (Tr. 376, 393.) The ALJ found that the record did not reflect complaints of difficulty walking, standing, sitting, lifting, carrying, or bending to her treatment providers. (Tr. 393.) The ALJ also noted that although Ebert testified about back pain and mentioned it to her providers a few times, there were also times that she denied back pain. (Tr. 393.) Based on the foregoing, the Court finds that pursuant to 20 C.F.R. § 404.1519a(b), the ALJ was not required to obtain additional evidence regarding Ebert's back spasms. First, Ebert does not identify the portions of her doctor's treatment notes that support her argument that a consultative examination should have been ordered. Second, although Ebert complained of back pain, none of her doctors found an impairment regarding her back. It is the claimant's responsibility to establish that she has an impairment regarding her back and she has not met that burden. 20 C.F.R. §§ 404.1512, 404.1520(a)(4)(ii). Therefore, the Court finds that the ALJ did not fail to develop the record regarding Ebert's back spasms and pain.

## V. Conclusion

Based on the foregoing, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 22.]

9

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the order setting oral argument in this matter is **VACATED**. [Doc. 29.]

Dated this 22nd day of March, 2016.

                                                                             /s/ Nannette A. Baker  
                                                                             NANNETTE A. BAKER  
                                                                             UNITED STATES MAGISTRATE JUDGE